UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

JANICE A. MOORE, ON BEHALF OF HERSELF
AND A CLASS OF ALL SIMILARLY SITUATED
PARTICIPANTS IN THE VIRGINIA COMMUNITY
BANKSHARES, INC. EMPLOYEE STOCK
OWNERSHIP PLAN,

        Plaintiff,

v.                                                   Case No. 3:19-cv-00045

VIRGINIA COMMUNITY BANKSHARES, INC.,
*et al.*,

        Defendants.

## AMENDED JOINT DISCOVERY PLAN

Pursuant to the Court's January 21, 2020 Order (Dkt. 27) and its June 26, 2020 Order (Dkt. 45) and accompanying Memorandum Opinion (Dkt. 44), Janice A. Moore ("Plaintiff") and Virginia Community Bankshares, Inc., Virginia Community Bank, Inc., John A. Hodge, H.B. Sedwick, III, Ronald S. Spicer, and A. Pierce Stone (collectively, "Defendants") (each of Plaintiff and Defendants may be referred to as a "Party" or the "Parties"), submitted a Joint Discovery Plan (the "Discovery Plan") to the Court on August 3, 2020 (Dkt. 49), which the Court adopted by Order dated August 10, 2020 (Dkt. 50).  The Parties now respectfully submit the following proposed amended joint discovery plan (the "Amended Discovery Plan"), which lengthens the Phase I Discovery period specified in the original Discovery Plan so as to allow the Parties to (i) continue settlement discussions, already begun, and schedule mediation, and (ii) complete Phase I Discovery in this complex case that covers a large span of time and extensive discoverable documents and communications.  Aside from the lengthening of the Phase I Discovery period and the addition of categories of discovery to be undertaken during different periods during the

remainder of Phase I Discovery, this Amended Discovery Plan is the same as the original Discovery Plan. The Parties respectfully request that the Court enter an order adopting this Amended Discovery Plan to govern the remainder of Phase I Discovery.

**<u>Phase I of Discovery Plan – Whether or Not Plaintiff's Claims Are Time Barred</u>**

Except as may otherwise be agreed by the Parties and as provided below with regard to subpoenas, Phase I Discovery shall be limited to issues regarding Defendants' argument that Plaintiff's claims are time barred under ERISA and Plaintiff's argument that her claims are not time barred. Phase I Discovery shall encompass all evidence related to the provisions and application of ERISA §413, 29 U.S.C. § 1113, including its "fraud or concealment" provisions. Notwithstanding the focus of Phase I Discovery on the timeliness of Plaintiff's claims, subpoenas duces tecum to third parties issued during Phase I will not be limited to timeliness issues.

The parties propose the following schedule for completing Phase I Discovery:

a.  Initial disclosures under Fed. R. Civ. P. 26(a): August 24, 2020;

b.  Discovery begins: August 10, 2020;

c.  Date on and after which the Parties may deliver Interrogatories and Requests for Admission: 30 days following the earlier of (i) the date on which the Parties have participated in mediation in an attempt to settle this matter, or (ii) the date on which the Parties agree, in writing, or on which either Defendants or Plaintiff communicate in writing, that further negotiations on settlement would be futile and that the remainder of Phase I discovery should recommence (the "Recommencement Date");

d.  Date by which the parties will provide a joint status report to the Court concerning the outcome of mediation or settlement discussions: seven days following the Recommencement Date;

e. Date on and after which the Parties may schedule Depositions: after the Recommencement Date, 60 days following the date of the latest of the following to occur: (i) the delivery of all documents requested in Requests for Production and Subpoenas Duces Tecum made or issued prior to the Recommencement Date; (ii) the delivery of all responses to Interrogatories and Requests for Admission asked or made prior to the date that is 30 days following the Recommencement Date; or (iii) the resolution of all disputes over the written discovery specified in (i) and (ii) above (such latest date, the "Written Discovery Completion Date," and 60 days following the Written Discovery Completion Date, the "Deposition Commencement Date").

f. Notwithstanding subparagraph d. above, and notwithstanding Federal Rule of Civil Procedure 30(a)(2)(A)(ii), on or after July 1, 2021, any Party may schedule a deposition prior to the Deposition Commencement Date if desired, and any such deposition shall remain open for recommencement and completion (unless specifically indicated otherwise by the Party taking the deposition), until the date that is 90 days following the Deposition Commencement Date (such date, the "Deposition Completion Date"). All depositions shall be consistent with Federal Rule of Civil Procedure 30, including but not limited to Rule 30(d)(1).

g. Deadline for completing depositions: the Deposition Completion Date.

h. Deadline for making Requests for Production, issuing Subpoenas Duces Tecum, asking Interrogatories, and making Requests for Admission: 30 days following the Deposition Completion Date.

i. Discovery ends on the date of the latest of the following to occur: (i) the Deposition Completion Date; (ii) the delivery of all documents requested in Requests for

      Production and Subpoenas Duces Tecum; (iii) the delivery of all responses to Interrogatories and Requests for Admission; or (iv) the resolution of all disputes over the discovery specified in (i)-(iii) above (such latest date, the "Close of Discovery").

j. Date on and after which Defendants may file dispositive motions regarding the timeliness of Plaintiff's claims: the Close of Discovery.

k. Deadline for Defendants to file dispositive motions regarding timeliness of Plaintiff's claims: 21 days following the Close of Discovery (the "Defendants' Dispositive Motions Deadline.")

l. Deadline for Plaintiff to file a response to dispositive motions regarding timeliness of Plaintiff's claims: 28 days following the Defendants' Dispositive Motions Deadline (the "Plaintiff's Response Deadline").

m. Deadline for Defendants to file any reply in support of dispositive motion regarding timeliness of Plaintiff's claims: 14 days following the Plaintiff's Response Deadline.

### Phase II of Discovery Plan – Merits, Damages, and Other Issues

Phase II Discovery shall involve the remaining issues in this lawsuit, including, e.g., class certification, merits, damages, and expert witnesses. While the focus of Phase I of Discovery is the timeliness of Plaintiff's claims, additional discovery on that issue may also be undertaken during Phase II. Phase II Discovery shall commence following a ruling on Defendants' summary judgment motion (if any) with respect to the timeliness of Plaintiff's claims. If the Court determines that Plaintiff's claims should proceed, the parties shall submit a proposed case management schedule for Phase II Discovery within 14 days of a ruling on Defendants' motion.

### Trial

The parties expect the trial to take two weeks.

This 25th day of January, 2021.

**For the Plaintiff:**

By:     *Jeffrey A. Sanborn*
               Counsel

Harris D. Butler, VSB No. 26483
Zev H. Antell, VSB No. 74634
BUTLER CURWOOD PLC
140 Virginia Street, Suite 302
Richmond, VA 23219
Phone: (804) 648-4848
Fax: (804) 237-0413
Email: harris@butlercurwood.com
Email: zev@butlercurwood.com

Mark J. Krudys, VSB No. 30718
Daniel Zemel, VSB No. 95073
THE KRUDYS LAW FIRM, PLC
919 East Main Street, Suite 2020
Richmond, VA  23219
Phone: (804) 774-7950
Fax: (804) 381-4458
Email: mkrudys@krudys.com
Email: dzemel@krudys.com

Marie D. Carter, VSB No. 21278
MARIE CARTER, PLC
300 Tuckahoe Blvd.
Richmond, VA 23226
Phone: (804) 402-4003
Email: mdcarter@benefits-law.com

Jeffrey A. Sanborn, VSB No. 40777
JEFFREY A. SANBORN, ESQ.
835 Summit View Lane
Charlottesville, VA  22903
Phone: (434) 825-7205
Email: jsanborn@sanborn-law.com

**For the Defendants:**

By:     *Stephen K. Dixon*
               Counsel

Stephen K. Dixon
Donald L. Havermann (*pro hac vice*
Sean K. McMahan (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW Washington, DC 20004
202-739-3000
202-739-3001 (fax)
stephen.dixon@morganlewis.com
donald.havermann@morganlewis.com
sean.mcmahan@morganlewis.com

Jeremy P. Blumenfeld (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
215.963.5000
215.963.5001 (fax)
jeremy.blumenfeld@morganlewis.com