# EXHIBIT C

19. **NAMED FIDUCIARY WITH RESPECT TO STOCK TRANSACTIONS AND ESOP LOANS.**
    Paragraph 10.6

    The Named Fiduciary with respect to Stock Transactions and ESOP Loans referred to in paragraph 10.6 of the Plan is:

    [ ]  (1)  The Plan Administrator.

    [X]  (2)  The Trustee.

    [ ]  (3)  The Plan Sponsor.

    [ ]  (4)  _____
              [Insert name or description].

CONFIDENTIAL					VCB001029

(ii) In Stock and/or cash as provided in the other applicable subparagraphs of this paragraph, provided that the distributed Stock shall be subject to a requirement that such Stock be immediately resold to the Employer (or the Plan, if the Administrator so permits) under terms which meet the payment terms of subparagraph 15.2(b).

8.4(f) If selected by the Employer in Option 10(c)(3) of the Adoption Agreement and if the issuer of Stock is a bank (as defined in Section 581 of the Code) which is prohibited by law from redeeming or purchasing its own securities, the distribution of a Participant's non-forfeitable Accrued Benefit shall be paid in cash (if the Participant so elects) or in Stock which shall not be subject to the put rights otherwise provided in paragraph 15.2. In the event a cash distribution is made pursuant to this subparagraph, the Trustee shall effect a sale of the Stock otherwise to be distributed and shall distribute the proceeds therefrom, net of expenses, to the recipient.

8.4(g) If selected by the Employer in Option 10(c)(4) of the Adoption Agreement, the distribution of a Participant's non-forfeitable Accrued Benefit may be made entirely in cash if the recipient elects such a cash distribution. In the event a cash distribution is made pursuant to this subparagraph, the Trustee shall effect a sale of the Stock otherwise to be distributed and shall distribute the proceeds therefrom, net of expenses, to the recipient.

8.4(h) The following rules are intended to comply with the direct rollover requirements of Section 401(a)(31) of the Code:

(i) Notwithstanding any contrary provision of the Plan, but subject to any de minimis or other exceptions or limitations provided for under Section 401(a)(31) of the Code:

(A) Any prospective recipient (whether a Participant, a surviving spouse, a current or former spouse who is an alternate payee under a qualified domestic relations order or any other person not described herein eligible to make a rollover, including any non-spouse designated Beneficiary within the meaning of Section 401(a)(9)(E) of the Code) of a distribution from the Plan which constitutes an "eligible rollover distribution" (to the extent otherwise includible in the recipient's gross income) may direct the Trustee to pay the distribution directly to an "eligible retirement plan"; and

(B) If (I) the present value of the entire non-forfeitable Accrued Benefit payable to a Participant exceeds $1,000 (or any lesser dollar amount selected as the Maximum Mandatory Cash-Out Dollar Amount in Option 10(a)(5) of the Adoption Agreement), (II) the Participant has not attained the later of his Normal Retirement Age or the age of sixty-two (62) and (III) the Participant does not either consent in writing to a distribution to him (as opposed to a rollover to an "eligible retirement plan") or direct in writing the distribution be made to a specified "eligible retirement plan" or plans, then any "eligible rollover distribution" to him shall be made by the Trustee's paying the distribution directly to an "eligible retirement plan" which is an individual retirement plan in a direct rollover to the individual retirement plan on behalf of the recipient (an "automatic rollover"). This clause does not apply to payment made to a person who is not a Participant.

(C) For distributions made after December 31, 2006, any non-spouse designated Beneficiary within the meaning of Section 401(a)(9)(E) of the Code who is a prospective recipient of an "eligible rollover distribution" from the Plan may direct the Trustee to pay the distribution directly to an "inherited IRA."

(ii) For purposes hereof, the following terms have the meanings assigned to them in Section 401(a)(31) of the Code and, to the extent not inconsistent therewith, shall have the following meanings:

(A) Except as provided below, the term "eligible retirement plan" means an individual retirement account described in Section 408(a) of the Code, an individual retirement annuity described in Section 408(b) of the Code (other than an endowment contract), a qualified trust described in Section 401(a) of the Code, an annuity plan described in Section 403(a) of the Code, an eligible plan under Section 457(b) of the

- 44 -

CONFIDENTIAL VCB000934

balances as the Trustee deems appropriate, provided, however, that no investment of the Equity Fund shall be made in the stock or securities of the Employer or any of its subsidiaries, affiliates or related business entities.

10.5(d)  **Bond Fund** - The Bond Fund shall generally be invested, directly or indirectly through common, collective or group trust funds, in debt instruments, including, but not limited to, shares of money-market mutual funds and shares of closed-end fixed-income investment companies, together with such short-term, temporary investments and such cash balances as the Trustee deems appropriate, provided, however, that no investment of the Bond Fund shall be made in the stock or securities of the Employer or any of its subsidiaries, affiliates or related business entities.

10.5(e)  **Money Market Fund** - The Money Market Fund shall generally be invested, directly or indirectly through common, collective or group trust funds, in money market instruments, including, but not limited to, shares of money-market mutual funds, such that there shall be no negative fluctuation in principal for valuation purposes together with such short-term, temporary investments and such cash balances as the Trustee deems appropriate, provided, however, that no investment in the Money Market Fund shall be made in the stock or securities of the Employer or any of its subsidiaries, affiliates or related business entities.

10.5(f)  **Other Investment Funds** - Any other investment fund designated in writing by the Administrator, a copy of which written description shall be attached to the Adoption Agreement, provided the Administrator is authorized to designate such other investment funds in Option 14(b)(6) of the Adoption Agreement.

10.5(g)  **Loan Fund** - The Loan Fund shall consist of loans made to Participants pursuant to paragraph 9.9, which shall be considered directed investments of each such Participant, of principal and interest payments thereon.

   (i)  As provided in paragraph 9.9, an amount equal to the principal amount of a loan to a Participant shall be segregated from such Participant's account or accounts within the other divisions of the Fund.

   (ii)  Payments of the principal of and payments of interest on a loan to a Participant shall be transferred upon payment pro rata:

      (A)  To the Participant's unsegregated accounts in the Fund in the reverse order from which funds were transferred from such accounts to the Participant's segregated account in the Loan Fund for purposes of making such loan, and

      (B)  To the divisions of the Fund determined on the basis of the Participant's contribution investment direction then in effect under paragraph 10.11, if applicable, or otherwise to the General Balanced Fund.

10.6  **Directions Regarding Stock Transactions and ESOP Loans**.

10.6(a)  The Trustee shall make such purchases and sales of Stock with or held as assets of the Fund as are directed in writing by the Named Fiduciary with respect to Stock Transactions and ESOP Loans, which fiduciary shall be the person named in Option 19 of the Adoption Agreement.

10.6(b)  The Trustee shall obtain such ESOP Loans to finance the acquisition of Stock or to repay a prior ESOP Loan as are available to the Fund and as are directed in writing by the Named Fiduciary with respect to Stock Transactions and ESOP Loans.

10.6(c)  In the event the balance in the Escrowed Balanced Fund is insufficient to make payments of principal and/or interest on an ESOP Loan, the Trustee shall transfer Escrowed Stock in satisfaction of the payment or shall sell Escrowed Stock in an amount sufficient to make the payment only as directed in writing by the Named Fiduciary with respect to Stock Transactions and ESOP Loans.



- 62 -

CONFIDENTIAL                                                                                                                                            VCB000952

10.6(d) The Trustee shall make prepayments on the obligation under an ESOP Loan only as directed in writing by the Named Fiduciary with respect to Stock Transactions and ESOP Loans.

10.6(e) In the event the Named Fiduciary with respect to Stock Transactions and ESOP Loans or the Plan Sponsor determines that the Named Fiduciary with respect to Stock Transactions and ESOP Loans is or may be prevented by law from, or does or may have a conflict of interest in the making of a direction pursuant to this paragraph, the Plan Sponsor shall appoint a co-fiduciary (including but not limited to an Investment Manager) solely for the purpose of considering what action should be taken and of making the appropriate direction under this paragraph. Any such appointment shall be terminable at will by the Plan Sponsor.

10.7 **Transfers from Escrowed Balanced Fund to General Balanced Fund.** Unless otherwise directed by the Administrator, a Participant's interest in the Escrowed Balanced Fund shall be transferred to and become a part of his interest in the General Balanced Fund as of the Valuation Date coinciding with or next following the time at which there are no ESOP Loans outstanding. The Administrator may direct that such transfer of all or part of the accounts of one or more Participants then held in the Escrowed Balanced Fund be made at any other time or times on a uniform and non-discriminatory basis.

10.8 **Certain Stock Transactions in Escrow.** The Trustee is hereby specifically authorized, when so directed by the Administrator, to effect any sale or acquisition of Stock in escrow, provided appropriate precautions are taken to ensure that the interests of the Plan are not jeopardized, pending the result of an appraisal of the value of Stock directed by the Administrator when such a Stock transaction is directed shortly before the Stock will be revalued for Plan purposes, when there is a question as to an available prohibited transaction exemption or other fiduciary matter, or upon the existence of any other circumstances which the Administrator deems warrant effecting the transaction in escrow. In the event the transaction is not consummated, any assets and earnings attributable thereto placed in escrow by the Trustee shall be returned to the Fund and the Fund shall not be worse off than if such assets had not been placed in escrow.

10.9 **Allocation of Direct Transfers to Fund Divisions.** All direct transfers to the Plan shall be allocated to the Fund divisions specified in the asset transfer agreement pertaining thereto.

10.10 **Participant Directed Stock Diversifications.**

10.10(a) Each Qualified Participant shall be permitted to direct the diversification of twenty-five percent (25%) of the value of his account balance attributable to all Stock or only to Stock which was acquired by the Plan after December 31, 1986 (or if transferred to this Plan from a predecessor plan pursuant to a merger, consolidation or asset transfer pursuant to paragraph 14.2, acquired by the predecessor plan after December 31, 1986) as selected by the Employer in Option 13(b) of the Adoption Agreement within ninety (90) days after the last day of each Plan Year during the Participant's Qualified Election Period. Within ninety (90) days after the close of the last Plan Year in the Participant's Qualified Election Period, a Qualified Participant may direct the diversification of fifty percent (50%) of the value of such account balance. The portion of a Participant's account balance which may be diversified shall be determined on a cumulative basis (reduced by prior diversifications) pursuant to Section 401(a)(28)(B) of the Code and is sometimes referred to as the "diversification amount".

10.10(b) The Participant's direction shall be provided to the Administrator in writing, shall be effective no later than one hundred eighty (180) days after the close of the Plan Year to which the direction applies, and shall specify which, if any, of the options set forth in subparagraph 10.10(c) which the Participant selects.

10.10(c) One or more of the following diversification options are available to Qualified Participants as selected by the Employer in Option 13(a) of the Adoption Agreement:

(i) **Diversification - Investment Election.** The Qualified Participant may direct the portion of his accounts subject to the election to be invested in the General Balanced Fund, the Equity Fund, the Bond Fund, the



- 63 -

CONFIDENTIAL                                                                                                                                                                   VCB000953



10.11(c)  To the extent no investment direction is in force and absent the adoption of different rules by the Administrator, a Participant's directable accounts (other than the Employer Base Account if and to the extent designated as being part of an ESOP in Option 3(e) of the Adoption Agreement) shall be held in the investment fund designated in or pursuant to Option 14(e) of the Adoption Agreement, and his Employer Base Account (if and to the extent designated as being part of an ESOP in Option 3(e) of the Adoption Agreement and if directable for reasons other than those having been diversified by a diversification - investment election pursuant to paragraph 10.10) shall be held in the General Stock Fund.

10.11(d)  Notwithstanding the foregoing, the Administrator may from time to time suspend investment directions in or the maintaining of any one or more divisions of the Fund in its sole discretion.

10.12    **No Interest Other Than Plan Benefit**. Nothing contained herein shall be deemed to give any Participant or Beneficiary any interest in any specific part of the Fund or any interest other than his right to receive benefits in accordance with the provisions of the Plan.

## ARTICLE XI
## Fiduciaries

11.1    **Named Fiduciaries and Duties and Responsibilities**. Authority to control and manage the operation and administration of the Plan shall be vested in the following, who, together with their membership, if any, shall be the Named Fiduciaries under the Plan with those powers, duties, and responsibilities specifically allocated to them by the Plan:



11.1(a)    **Trustee** - The Trustee in connection with its fiduciary obligations relating to the Plan and the Fund.

11.1(b)    **Plan Sponsor** - The Plan Sponsor in connection with its fiduciary obligations and rights relating to the Plan and the Fund.

11.1(c)    **Plan Administrator** - The Plan Administrator in connection with its fiduciary obligations and rights relating to the Plan and the Fund.

11.1(d)    **Named Fiduciary with respect to Stock Transactions and ESOP Loans** – The Named Fiduciary with respect to Stock Transactions and ESOP Loans referred to in paragraph 10.6 in connection with its fiduciary obligations and rights relating to the Plan and the Fund.

11.1(e)    **Special Co-Trustee or Other Designated Person** - In addition, any Co-Trustee or other person or persons appointed pursuant to subparagraph 10.6(e) or 15.1(e) shall be a Named Fiduciary for the purpose for which appointed.

11.2    **Limitation of Duties and Responsibilities of Named Fiduciaries**. The duties and responsibilities, and any liability therefor, of the Named Fiduciaries provided for in paragraph 11.1 shall be severally limited to the duties and responsibilities specifically allocated to each such Named Fiduciary in accordance with the terms of the Plan, and there shall be no joint duty, responsibility, or liability among any such groups of Named Fiduciaries in the control and management of the operation and administration of the Plan.

11.3    **Service by Named Fiduciaries in More Than One Capacity**. Any person or group of persons may serve in more than one Named Fiduciary capacity with respect to the Plan (including both service as Trustee and Plan Administrator).



11.4    **Allocation or Delegation of Duties and Responsibilities by Named Fiduciaries**. By written agreement filed with the Plan Administrator and the Plan Sponsor, the duties and responsibilities of the Trustee with respect to the management and control of the assets of the Fund may, with the written consent of the Plan Sponsor, be allocated among the

CONFIDENTIAL

VCB000956