CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
6/4/2024
LAURA A. AUSTIN, CLERK
BY s/ S. MELVIN
 DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| Janice A. Moore, on behalf of herself and a class of similarly situated participants in the Virginia Community Bankshares, Inc. Employee Stock Ownership Plan,<br><br>Plaintiff,<br><br>v.<br><br>Blue Ridge Bankshares, Inc., Successor by Merger of Virginia Community Bankshares, Inc., et al.,<br><br>Defendants. | Case No. 3:19-cv-00045 |

**FINAL APPROVAL ORDER AND JUDGMENT**

This class action came before the Court for hearing on June 4, 2024, to determine the fairness of the proposed Settlement presented to the Court and the subject of this Court's Order Granting Preliminary Approval of Class Action Settlement. Due notice having been given and the Court having been fully advised, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

Except as otherwise defined herein, all capitalized terms used in this Final Approval Order and Judgment shall have the same meanings as ascribed to them in the Settlement Agreement executed by counsel on behalf of the Class Representative, all Class Members, and Defendants, respectively.

1. The Court has jurisdiction over the subject matter of the Class Action and over all Parties, including all members of the Settlement Class.

2. For the sole purpose of settling and resolving the Class Action, the Court certifies the Class Action as a class action pursuant to Rules 23(a) and (b)(1) of the Federal Rules of Civil Procedure. The Settlement Class is defined as:

> All VCB employees, excluding Defendants, who were vested participants in the ESOP between January 1, 2007, and December 31, 2018, including any former employee who had not received a full distribution of his or her ESOP account as of January 1, 2007, with the exception of former employees who received a full distribution of their ESOP accounts during the 2007 Plan year.

3. The Court finds for the sole purpose of settling and resolving the Class Action that:

   a. as required by Fed. R. Civ. P. 23(a)(1), the Settlement Class is ascertainable from records kept with respect to the ESOP and from other objective criteria, and the Settlement Class is so numerous that joinder of all members is impracticable;

   b. as required by Fed. R. Civ. P. 23(a)(2), there are one or more questions of law and/or fact common to the Settlement Class;

   c. as required by Fed. R. Civ. P. 23(a)(3), the claims of the Class Representative are typical of the claims of the Settlement Class for which the Class Representative seeks certification;

   d. as required by Fed. R. Civ. P. 23(a)(4), the Class Representative will fairly and adequately protect the interests of the Settlement Class in that (i) the interests of the Class Representative and the nature of the alleged claims are consistent with those of the Settlement Class members; and (ii) there appear to be no conflicts between or among the Class Representative and the Settlement Class;

   e.  as required by Fed. R. Civ. P. 23(b)(1), the prosecution of separate actions by individual members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual Settlement Class members that would establish incompatible standards of conduct for the parties opposing the claims asserted in the Class Action; or (ii) adjudications as to individual Settlement Class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications, or substantially impair or impede the ability of such persons to protect their interests; and

   f.  as required by Fed. R. Civ. P. 23(g), Class Counsel are capable of fairly and adequately representing the interests of the Settlement Class, and Class Counsel: (i) have done appropriate work identifying or investigating potential claims in the Class Action; (ii) are experienced in handling class actions; and (iii) have committed the necessary resources to represent the Settlement Class.

4.  The Court hereby appoints Janice A. Moore as Class Representative for the Settlement Class and the Krudys Law Firm, PLC; Marie Carter, PLC; and Butler Curwood, PLC as Class Counsel for the Settlement Class.

5.  The Court hereby finds that the Settlement Class has received proper and adequate notice of the Settlement, the Fairness Hearing, Class Counsel's request for Attorneys' Fees and Expenses and for the Service Award to the Class Representative, and the Plan of Allocation, such notice having been given in accordance with the Preliminary Approval Order. Such notice included individual notice to all members of the Settlement Class who could be

identified through reasonable efforts, as well as notice through the dedicated Settlement Website on the internet; provided valid, due, and sufficient notice of these proceedings and of the matters set forth in this Order; and included sufficient information regarding the procedure for the making of objections. Such notice constitutes the best notice practicable under the circumstances and fully satisfies the requirements of Fed. R. Civ. P. 23 and the requirements of due process.

6. The Court hereby approves the Settlement and orders that the Settlement shall be consummated and implemented in accordance with its terms and conditions.

7. Pursuant to Fed. R. Civ. P. 23(e), the Court finds that the Settlement embodied in the Settlement Agreement is fair, reasonable, and adequate to the ESOP and the Settlement Class, and more particularly finds that:

    a. The Settlement was negotiated vigorously and at arm's-length, under the auspices of an experienced, neutral Federal Magistrate Judge, by Defense Counsel on the one hand, and by Class Counsel on behalf of the Class Representative and the Settlement Class on the other hand;

    b. Class Representative and Defendants had sufficient information to evaluate the settlement value of the Class Action;

    c. If the Settlement had not been achieved, the Class Representative and the Settlement Class faced the expense, risk, and uncertainty of summary judgment and trial;

    d. The amount of the Settlement—six million dollars ($6,000,000)—is fair, reasonable, and adequate, taking into account the costs, risks, and delay of litigation, trial, and appeal. The method of distributing the Net Settlement Amount is efficient, relying substantially on records maintained by and/or

        provided by the ESOP's former sponsor, requiring no filing of claims for Class Members. The Settlement terms related to Attorneys' Fees and Expenses, as well as the Service Award to the Class Representative, do not raise any questions about the fairness of the Settlement, and there are no agreements, apart from the Settlement, required to be considered under Fed. R. Civ. P. 23(e)(2)(C)(iv). The Gross Settlement Amount is within the range of settlement values obtained in similar cases;

    e.    At all times, the Class Representative and Class Counsel have acted independently of the Defendants and in the interest of the Settlement Class; and

    f.    There were no objects to the Settlement.

8. The Plan of Allocation is finally approved as fair, reasonable, and adequate. The Settlement Administrator shall distribute the Net Settlement Amount in accordance with the Plan of Allocation and the Settlement Agreement. The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Class Member, provided it does so in accordance with the Plan of Allocation approved by the Court.

9. All requirements of the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq.*, have been met.

10. The releases and covenants not to sue set forth in the Settlement Agreement, including but not limited to Article 7 of the Settlement Agreement, together with the definitions contained in the Settlement Agreement relating thereto, are expressly incorporated herein in all respects. The releases are effective as of the Settlement Effective Date. Accordingly, the Court

orders that, as of the Settlement Effective Date, the ESOP, the Class Representative, and the Class Members (and their respective heirs, beneficiaries, executors, administrators, fiduciaries, estates, past and present partners, officers, directors, predecessors, successors, assigns, agents, and attorneys) hereby fully, finally, and forever settle, release, relinquish, waive, and discharge all Released Parties (including Defendants) from all Released Claims, regardless of whether any Class Member may discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true with respect to the Class Action and the Released Claims; regardless of whether any Class Member receives a monetary benefit from the Settlement, actually received the Settlement Notice, filed an objection to the Settlement or to any application or request by Class Counsel for an award of Attorneys' Fees and Expenses; and regardless of whether the objections or claims for distribution of any such Class Member have been approved or allowed.

11. The Class Representative, Class Members, and the ESOP hereby settle, release, relinquish, waive, and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims, including without limitation, Section 1542 of the California Civil Code, which provides: "A general release does not extend to claims which the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party." The Class Representative, Class Members, and the Plan, with respect to the Released Claims, also hereby waive any and all provisions, rights and benefits conferred by any law or of any State or territory within the United States or any foreign country, or any principle of common law, which is similar, comparable or equivalent in substance to Section 1542 of the California Civil Code.

12. The Class Representative, the Class Members, and the ESOP, acting individually or together, or in combination with others, are hereby permanently and finally barred and enjoined from suing the Released Parties in any action or proceeding alleging any of the Released Claims.

13. Each Class Member hereby releases the Released Parties, Defense Counsel, and Class Counsel for any claims, liabilities, and attorneys' fees and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses.

14. The operative complaint and all claims asserted therein in the Class Action are hereby dismissed with prejudice and without attorneys' fees or costs to any of the Parties and Released Parties other than as provided for in the Settlement Agreement.

15. The Court shall retain exclusive jurisdiction to resolve any disputes or challenges that may arise as to the performance of the Settlement Agreement or any challenges as to the performance, validity, interpretation, administration, enforcement, or enforceability of the Settlement Notice, Plan of Allocation, this Final Approval Order, the Settlement Agreement, or the termination of the Settlement Agreement. The Court shall also retain exclusive jurisdiction and will rule by separate Order with respect to all applications or requests for awards of Attorneys' Fees and Expenses and Service Awards to the Class Representative submitted pursuant to the Settlement Agreement.

16. Any motion to enforce this Final Approval Order or the Settlement Agreement, including by way of injunction, may be filed in this Court, and the provisions of the Settlement Agreement and/or this Final Approval Order may also be asserted by way of an affirmative

defense or counterclaim in response to any action that is asserted to violate the Settlement Agreement.

17. If the Settlement is terminated, in accordance with its terms, this Final Approval Order shall be rendered null and void, *ab initio*, and shall be vacated *nunc pro tunc*, and the Class Action shall for all purposes with respect to the Parties revert to its status as of the day immediately before the day the Settlement was reached. The Parties shall be afforded a reasonable opportunity to negotiate a new case management schedule.

18. Within 10 calendar days following the issuance of all settlement payments to Class Members as provided by the Plan of Allocation approved by the Court, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each person who received a settlement payment or contribution from the Settlement Fund and the amount of such payment or contribution.

19. Upon entry of this Final Approval Order, all Settling Parties, the Settlement Class, and the Plan shall be bound by the Settlement Agreement and this Final Approval Order.

20. **FINAL APPROVAL GRANTED.** The Motion for Final Approval of the Settlement and Settlement Agreement is hereby **GRANTED**, the settlement of the Action is **APPROVED** as fair, reasonable, and adequate to the ESOP and the Settlement Class, and the Parties are hereby directed to take the necessary steps to effectuate the terms of the Settlement Agreement.

21. **JUDGMENT.** The Court hereby **ENTERS JUDGMENT** on all claims, counts, and causes of action alleged in the Class Action. Notwithstanding the reservation of jurisdiction in Paragraph 15 of this Final Approval Order, this is a final and appealable judgment that ends

the litigation of the Class Action. The Clerk is directed to enter this judgment in the civil docket forthwith.

                                                          Enter:  June 4, 2024

                                                          */s/ Robert S. Ballou*

                                                          Robert S. Ballou
                                                          United States District Judge